945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. Talley, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3391.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 1
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Richard D. Talley appeals pro se from a judgment affirming the Secretary's limitation of his award of Supplemental Security Income (SSI) benefits to the period between December 23, 1985 and January 1, 1987. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Talley alleged that he was disabled due to a pulmonary condition and chest pains. An administrative law judge (ALJ) denied Talley's claim because he determined that a significant number of jobs involving light work were still available to him. However, a United States magistrate judge remanded the case and a second ALJ awarded benefits, for a limited period of time, because he found that Talley was disabled by his heart condition. The second ALJ's opinion was determined to be the final decision of the Secretary when the Appeals Council denied Talley's belated request for further review. A final determination in Talley's federal case was made by the magistrate judge, who granted the Secretary's motion for summary judgment on March 29, 1991. It is from this judgment that Talley now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 In the instant case, the second ALJ found that Talley was disabled from December 23, 1985 through December 31, 1986, because his heart condition equalled the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1, Rule 4.04(b)(7). However, the ALJ also found that Talley had received veterans' benefits since December 21, 1986, which ended his eligibility for SSI benefits.
 
 
 7
 On appeal, Talley first argues that he was entitled to begin receiving SSI benefits on February 7, 1985, rather than December 23, 1985. The Secretary's finding of disability was based on medical reports, which were created in December of 1986. Dr. Kravitz examined these reports in 1989, and opined that Talley had had "clinically significant" arterial sclerosis since 1983. However, Dr. Kravitz's opinion does not contain the specific findings that are necessary to support a determination that Talley suffered from a listed impairment before February of 1985. Moreover, none of the other medical evidence in the record indicates that Talley was disabled at an earlier date. A doctor's report, dated March 30, 1985, showed a normal cardiopulmonary examination. Another report, dated May 12, 1986, ruled out chronic bronchitis, asthma, pulmonary disease and cardiac disease. The record also contains a functional capacity assessment which indicates that Talley had no postural, physical or environmental restrictions. These reports provide substantial evidence in support of the first ALJ's finding that Talley was able to perform a wide range of light work. Thus, a finding of nondisability is directed by 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.17. There is, therefore, substantial evidence to support the Secretary's determination that Talley was not under a disability prior to December 23, 1985.
 
 
 8
 Talley also argues that his SSI benefits should have continued beyond January 1, 1987. The Secretary now concedes that the termination of Talley's SSI benefits may have been inappropriate because Talley did not actually receive veterans' benefits until November of 1988.
 
 
 9
 Accordingly, Talley's request for counsel is denied. In addition, the district court's judgment is affirmed with regard to the onset date of Talley's disability and reversed and remanded to the Secretary for further proceedings to determine Talley's eligibility for benefits between January 1, 1987 and November 1, 1988. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation